UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODRIGO SOTO-PIEDRA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:09-cv-01255-LJM-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order on Petition Requesting Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to ' 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. ' 2255. That is the relief sought in this action by Rodrigo Soto-Piedra ("Soto-Piedra"). Having considered the pleadings and the expanded record, the Court concludes that Soto-Piedra's motion for relief pursuant to 28 U.S.C. ' 2255 must be **denied.**

**I.  Background**

On October 13, 2005, Soto-Piedra was charged in a one-count Indictment with conspiracy to possess with intent to distribute in excess of five kilograms of a substance containing cocaine, in violation of 21 U.S.C. ' ' 8741(a)(1) and 846.

On September 14, 2006, Soto-Piedra filed a Petition to Enter a Plea of Guilty without the benefit of a plea agreement. At Soto-Piedra's change of plea hearing, the Court explained and Soto-Piedra agreed that he understood that:

> [a]t the sentencing hearing we will look at the Guidelines in this case and, as I mentioned, there will be a number that represents your crime and another number that represents your criminal history. And the number that represents your crime will depend upon how much cocaine that you are responsible for. And it is that calculation that you have reserved to discuss at the sentencing. If you plead guilty you are telling me that you did participate in this conspiracy to distribute more than five kilograms—or five

>
> kilograms, or more, of a mixture or substance containing a detectable amount of cocaine, and you did that knowingly and intentionally, and that you knew the substance was a controlled substance. It is the specific calculation of the Guidelines as is based on the amount of cocaine attributable to you that you have reserved the right to argue at the sentencing hearing.

Guilty Plea Tr. at 20-21.

After determining that Soto was "fully competent and capable of entering an informed plea, that he [was] aware of the nature of the charges and the consequences of the plea, that the plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense," the Court accepted Soto-Piedra's guilty plea and found him guilty as charged. *Id.* at 21.

Soto-Piedra's sentencing hearing was held on February 8, 2007. The Court determined that Soto-Piedra's total offense level was 31, his criminal history category was II, which resulted in an advisory sentencing range of 210 to 262 months. The Court also determined that "there is [not] an issue of sentence disparity that applies in this case that would take it outside the Guideline calculation as a factor to be considered under 3553(a) that was not actively reflected in the Guidelines. So the bottom line is, I think that the § 3553(a) factors are adequately reflected in the Guidelines." Sentencing Tr. at 50. Soto-Piedra was then sentenced to a term of imprisonment of 210 months, to be followed by 5 years of supervised release, and Soto-Piedra was ordered to pay the mandatory assessment of $100. Judgment of conviction was formally entered on the Court=s docket on February 14, 2007. Soto-Piedra appealed his sentence, challenging the Court's conclusion that he distributed at least 150 kilograms of cocaine.

On October 6, 2009, Soto-Piedra filed this motion for post-conviction relief pursuant to 28 U.S.C. ' 2255.

## II.  Standard

Under the Sixth Amendment to the U.S. Constitution, the accused has a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984)). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). "Judicial scrutiny of

2

counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. To that end, the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Wiggins*, 539 U.S. at 523 (quoting *Strickland*, 466 U.S. at 688); *see also Kokoraleis v. Gilmore*, 131 F.3d 692, 696 (7th Cir. 1997).

With respect to the prejudice requirement, it must be shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. *See also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *See Berkey v. United States,* 318 F. 3d 768, 773 (7th Cir. 2003). A court "need not consider the first prong of the *Strickland* test if [it] find[s] that counsel's alleged deficiency did not prejudice the defendant." *Berkey*, 318 F.3d at 772 (citing *Matheney v. Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001)).

Further, "there is a 'strong presumption' that counsel's representation is within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 779 (2011) (quoting Strickland, 466 U.S. at 689.) "To overcome that presumption, a defendant must show that counsel failed to act 'reasonabl[y] considering all the circumstances.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland*, 466 U.S. at 690). In other words, "[t]he challenger's burden is to show 'that counsel made errors *so serious* that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Harrington, 131 S. Ct. at 787 (quoting *Strickland,* 466 U.S. at 687)."The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* at 788 (quoting *Strickland*, 466 U.S. at 690).

"Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (citing *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)). Thus, *Strickland* requires that counsel's performance be evaluated as a whole rather than focus on a single failing or oversight. *See Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005). "It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one." *Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009). *See also Balfour v. Haws*, 892 F.2d 556, 562-63 (7th Cir. 1989) (noting that for specific allegations of ineffective assistance courts must "weigh the overall quality of representation provided to the defendant" and not individual shortcomings).

The finding of ineffective assistance of counsel renders a plea involuntary. *See*

3

*United States v. Carroll,* 412 F.3d 787, 793 (7th Cir. 2005). To satisfy the *Strickland* standard in the context of a guilty plea, a petitioner must show that "counsel"s advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, [petitioner] would not have pled guilty, but would have insisted upon a trial." *Moore v. Bryant,* 348 F.3d 238, 241 (7th Cir. 2003) (citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

### III.  Discussion

Soto-Piedra claims that his trial counsel was ineffective during plea negotiations because counsel told him that under the plea agreement, his sentence would have been capped at ten years, that the plea agreement did not include this language and that his plea was entered unknowingly and involuntarily due to his counsel's ineffectiveness. Soto-Piedra also claims that counsel rendered ineffective assistance at sentencing by failing to adequately challenge the drug quantities set forth in the presentence report.

The guilty plea Soto-Piedra entered is valid, and impermeable to the challenge he now presents because A[i]n order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently.@ *Hays v. United States,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary Awhen it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.@ *United States v. Jordan,* 870 F.2d 1310, 1316 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *See id.* Soto-Piedra entered such a plea in this case--in conformity with both constitutional guidelines and the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Specifically, at his change of plea hearing, Soto-Piedra acknowledged that he understood that the charge "carries a maximum statutory punishment of life imprisonment," that "the Court will use its discretion to fashion a sentence in this case" and that "in order to arrive at that sentence [the judge] will look at the factors" set forth in 18 U.S.C. § 3553(a). Change of Plea Hearing Tr. at 5-7.

Nor was Soto-Piedra's counsel deficient at his sentencing proceeding. The Seventh Circuit reviewed Soto-Piedra's claim and determined:

> Soto challenges the drug quantity, but he introduced no evidence calling into question the accuracy of the presentence report. When a defendant fails to do so, a district court may rely entirely on the factual account in the report. *Artley,* 489 F.3d at 821; *United States v. Willis,* 300 F.3d 803, 807 (7th Cir.2002); *United States v. Taylor,* 72 F.3d 533, 547 (7th Cir.1995). The district court therefore did not commit clear error by relying on the probation officer's estimated cocaine quantity, and Soto's sentence must be affirmed.
>
> Moreover, even if the sentencing court had been required to look beyond the uncontroverted presentence report, there is evidence to support the 150-kilogram finding. Camarena said during a wiretapped conversation that in the "last year" Soto would get "out up to five a week." Camarena certainly

would know how much cocaine he was supplying to Soto, and his recorded statement supports Ramirez's assertion and the district court's conclusion that Soto was distributing 5 kilograms per week. And the district court could have interpreted "last year" to mean that Camarena worked with Soto for at least as long as Soto was distributing cocaine to Ramirez. For us to find clear error, we would have to conclude that the district court did not arrive at a permissible view of the evidence. *Anderson v. City of Bessemer,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *United States v. Marty,* 450 F.3d 687, 690 (7th Cir.2006). And that is not the case here.

*United States v. Soto Piedra*, 525 F.3d 527, 530 (7th Cir. 2008).

Soto-Piedra cannot raise in a § 2255 petition that which has been demonstrated by direct appeal to be unfounded. Because nothing more could have been achieved on Soto-Piedra's behalf, his counsel cannot be deemed ineffective. *See Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir 1996).

### IV.  Conclusion

For the reasons explained above, Soto-Piedra is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief and the records and file in this action show conclusively that Soto-Piedra is not entitled to the relief he seeks. Accordingly, his motion for relief pursuant to ' 2255 is **denied**, and this action must be dismissed with prejudice. Judgment consistent with this Order shall now issue.

### V.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the rules governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court concludes that Soto-Piedra has failed to show (1) that reasonable jurists would find this Court's "assessments of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED this 5th day of March, 2013.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Gerald A. Coraz
United States Attorney=s Office
gerald.coraz@udoj.gov

Rodrigo Soto-Piedra
Reg. No. 07906-028
Beaumont – Low FCI
Beaumont Low Federal Correction Institution
Inmate Mail/Parcels
P.O. Box 26020
Beaumont, TX 77720